UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YAJAIRA GABRIELA CASTRO CARIAS,<br><br>Petitioner(s),<br>v.<br><br>WARDEN NORTHWEST ICE PROCESSING CENTER,<br><br>Respondent(s). | CASE NO. C26-2849-KKE<br><br>ORDER DISMISSING HABEAS PETITION AS MOOT |

On August 10, 2026, Petitioner Yajaira Gabriela Castro Carias filed a petition for writ of habeas corpus challenging her detention by the U.S. Immigration and Customs Enforcement ("ICE") and requesting that the Court order her release. Dkt. No. 1. On September 10, 2026, the Court entered an order appointing counsel for Petitioner. Dkt. No. 9. One week later, however, Respondents filed a Notice of Change in Custody Status, stating that Petitioner "bonded out of DHS/ICE custody and [was] released on an order of supervised release ('OREC')" on September 11, 2026. Dkt. No. 10. Respondents submitted documentation showing that Petitioner posted bond and was released from ICE custody on that date. Dkt. No. 10-1 (copy of OREC); Dkt. No. 10-2 (order of the immigration judge releasing Petitioner from custody on $9,000 bond). Because Petitioner has been released from immigration detention, Respondents assert that her petition is now moot and should be dismissed. Dkt. No. 10.

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id.* A petition for habeas relief becomes moot when the petitioner is no longer in custody, so long as there are no collateral consequences from the detention that can be addressed by adjudicating the merits of the petition. *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007). The only relief Petitioner sought was immediate release from custody. *See* Dkt. No. 1 at 7. As Petitioner has now been released from ICE custody, and as it appears from the record that there is no collateral consequence that may be redressed by this Court in the instant habeas action, Petitioner's habeas petition is moot. *See, e.g.*, *Sengdara v. Scott*, No. C26-1289-MLP, 2026 WL 1638954, at *2 (W.D. Wash. June 5, 2026) ("Petitioner's claim for immediate release is moot as he has now been released from custody."); *Bromfield v. Mukasey*, No. C08-1323-TSZ-BAT, 2009 WL 62227, at *1 (W.D. Wash. Jan. 8, 2009) ("Because petitioner is no longer detained by ICE, the Court finds that petitioner's habeas petition should be dismissed as moot."); *Hernandez-Hernandez v. ICE Field Off. Dir.*, No. 2:26-CV-02535-SAB, 2026 WL 2285162, at *1 (W.D. Wash. Aug. 7, 2026) ("As Petitioner is no longer in ICE custody and the only relief he sought was immediate release from custody, his Petition is moot.").

Accordingly, Petitioner's habeas petition (Dkt. No. 1) is DISMISSED as moot.

Dated this 22nd day of September, 2026.

Kymberly K. Evanson
United States District Judge